United States District Court
Southern District of Texas
**ENTERED**
June 15, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD DEWAYNE MYLES, TDCJ #01869076, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-19-4918 |
| CAPTAIN CARLOS APPLEWHITE, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

State inmate Floyd Dewayne Myles has filed a civil rights complaint under 42 U.S.C. § 1983 [Doc. # 1], regarding a disciplinary conviction that was imposed against him while incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Because Myles is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the case if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for the reasons discussed below.

## I. BACKGROUND

Unless otherwise indicated, the facts are taken from the complaint, which includes two offender grievance forms and other exhibits. On August 7, 2019, Myles was confined

at the Estelle Unit when he was charged with a major disciplinary infraction. Myles explains that he was in the shower when he picked up a "shower bag" that had been left behind. Captain Jordan L. Curtis, who was supervising the showers that day, approached and asked Myles to give him the bag. According to Myles, Captain Curtis did not find anything of interest in the bag, but he escorted Myles to a nearby office where Captain Carlos Applewhite searched the bag. Applewhite found two contraband SIM cards for a Verizon cellphone in the bag. Captain Curtis and Captain Applewhite demanded to know who owned the bag and threatened to charge Myles with possessing the contents if he did not tell them. Myles replied that he had no knowledge of any cellphone or other contraband within the cellblock.

Myles was charged in TDCJ Case No. 20190297582 with possession of contraband, namely the SIM cards that were recovered from the shower bag by Captain Applewhite. According to grievances attached to the complaint, Myles was convicted of the offense following a hearing and punished with the loss of recreation privileges for 45 days, commissary privileges for 60 days, telephone privileges for 30 days, and contact visits for 30 days. Myles also forfeited 364 days of previously earned good-time credit and he was reduced in time-earning classification status from S3 to L1. Myles appealed the result by filing a Step 1 and a Step 2 grievance, but the conviction was upheld by the warden and by a regional administrator, who found that there was sufficient evidence of guilt.

Myles sues Captain Applewhite and Captain Curtis, arguing that the disciplinary charges against him were "false." Myles also sues Officer Rachael Smith, who represented

him at his disciplinary hearing, arguing that Smith "didn't do her job on [his] behalf as [his] counsel substitute." Myles seeks injunctive relief from the disciplinary conviction, asking that it be removed from his record and the punishment set aside. He also wants Captain Curtis and Captain Applewhite to be "removed from their duties."

## II. DISCUSSION

Myles seeks relief under 42 U.S.C. § 1983 from the disciplinary conviction entered against him, which he claims was false. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

To the extent that Myles's allegations call into question the validity of his disciplinary conviction in TDCJ Case No. 20190297582, which has not been overturned, he cannot maintain an action under 42 U.S.C. § 1983. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that claims bearing a relationship to a conviction or sentence that has not been invalidated, either by a state tribunal or on federal habeas review, are not cognizable under 42 U.S.C. § 1983. *Id.* at 486-87. Although *Heck* involved a claim for damages, the Fifth Circuit has held that the rule also applies to claims for injunctive or declaratory relief which implicate the validity of a conviction that has not already been set aside. *See Mann v. Denton County*, 364 F. App'x 881, 883 (5th Cir. 2010) (per curiam) (citing *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002); *Shaw v.*

3

*Harris*, 116 F. App'x 499 (5th Cir. 2004)).  In this context, a "conviction" includes a prison disciplinary conviction that results in the loss of good-time credit.  *See Edwards v. Balisok*, 520 U.S. 641, 648  (1997).

Myles does not indicate that he has challenged the prison disciplinary conviction by filing a federal habeas corpus proceeding and court records do not disclose that he has made any attempt to do so.  The Court is mindful that Myles represents himself and, therefore, his pleadings are entitled to a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Even if this Court were to treat Myles's complaint as a petition for habeas corpus review, his challenge to the disciplinary conviction would still fail to state a viable claim because he does not establish that a constitutional violation occurred in connection with his custody, which is a prerequisite for obtaining habeas relief. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]").

An inmate's constitutional rights in the prison disciplinary context are governed by the  Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).  A Texas prisoner can demonstrate a constitutional violation in connection with a prison disciplinary

4

proceeding only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Although Myles lost a substantial amount of previously earned good-time credit as the result of his disciplinary conviction, he cannot demonstrate a constitutional violation because public records reflect that he is incarcerated as the result of a murder conviction that was entered against him in Tarrant County in 2013. *See* Tex. Dep't of Criminal Justice, Offender Information, available at: https://www.tdcj.tdcj.texas.gov (last visited May 20, 2021). As a result of this conviction, Myles is not eligible for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(2) (an inmate previously convicted of murder in violation of Texas Penal Code § 19.02 is not eligible for mandatory supervision). This is fatal to Myles's claims concerning the disciplinary charges that were lodged against him. *See Malchi*, 211 F.3d at 957-58.

Likewise, to the extent that Myles contends that his counsel substitute failed to perform effectively during his disciplinary proceeding, claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that the petitioner could not be deprived of the right to effective assistance of counsel where he had no constitutional right to counsel); *United*

*States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (noting that "the right to effective assistance of counsel is predicated on an underlying right to counsel") (citations omitted) (same).  The Supreme Court has held that "inmates do not 'have a right to retained or appointed counsel at disciplinary hearings.'"  *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff*, 418 U.S. at 570).  Because Myles had no right to counsel at his disciplinary proceeding, his ineffective-assistance claim also fails as a matter of law.

Absent a constitutional violation, Myles fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or the federal habeas corpus statutes.  Therefore, his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Floyd Dewayne Myles is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

**The Clerk's Office will provide a copy of this order to the plaintiff.  The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____JUN 1 5 2021_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE